**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | | |
|---|---|---|
| MARK EL, *ex. rel.* MARK L. SMITH, | : | **CIV. NO. 17-13240 (RMB)** |
| Plaintiff | : | |
| v. | : | **OPINION** |
| EGG HARBOR TOWNSHIP POLICE DEP'T *et al.*, | : | |
| Defendants | : | |

**BUMB**, DISTRICT JUDGE

Plaintiff Mark El also known as Mark L. Smith, was a pretrial detainee confined at Atlantic County Justice Facility at the time he filed this civil rights complaint under 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff also filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1), which establishes his eligibility to proceed without prepayment of fees under 28 U.S.C. § 1915. Plaintiff filed a supplement to his complaint on January 12, 2018, to add a claim for violation of U.S. copyright laws. (Suppl. Compl., ECF No. 3.) The Court construes Plaintiff's Amended complaint to consist of the Docket entries ECF No. 1 and 3.

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B) and

1915A(b) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons discussed below, Plaintiff's complaint is dismissed without prejudice.

I.  *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must

2

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSSION

    A.    The Complaint

Plaintiff alleged the following facts in his complaint:

> (1) Egg Harbor Township Chief of Police, Raymond Davis, ordered officer Steven Mckenney to stop my right to travel and ordered him to

write bogus citation against my corporation (Mark T. Smith) when I have him proper identification of who I am (Mark El)[.]

(2) at 12:22 p.m. on February 22, 2017, I was stop[ped] travelling for window tint an[d] a third brake light out. Officer Steven Mckenney says he knows me as Mark L. Smith. I never told or gave Egg Harbor Township Police Department permission to use my corporation's name and never told Officer McKenney I was that person. I am the first beneficial lienholder to the trust [illegible] corporation Mark L. Smith. I have no alias. I am Mark El[.]

(3) On May 17, 2017 Damon Tyner issued an indictment against my corporation Mark T. Smith and ordered Brett York to handle the case. He used my corporation without my permission[.]

(4) On May 25, 2017, Brett York issued an indictment without granting me the actual indictment package on that date May 25, 2017 and didn't give it to me until (2) two months later after coercing by a pool attorney John V. Maher. Brett York also used my corporation without my permission.

(5) May 12, 2017, Geraldine Cohen held me in Atlantic County Justice Facility against my will, and where I'm still being held for contempt of court by a Judge Michael Blee. While using my corporation Mark L. Smith without my consent, to hold my body. Defendant is also not properly sending out my regular or certified mail on time or correctly at all. I sent out certified mail on 11-8-2017, it is now 11-30-2017 and I still have not received my green card for proof of certification.

(2) [continued] Defendant violated my constitutional rights under the First

4

> Amendment to be know by a name of my choosing and practice a religion of my choice.
>
> (3) [continued] On May 25, 2017, Brett York issued an indictment without granting me the documents or actual indictment package on that date May 25, 2017 and not giving it to me until (2) two months later, after being coerce[d] by a pool attorney John Maher. Brett York also used my corporation without my permission, the defendant violated my (Plaintiff} Constitutional right to due process and my right to religious practice under the First and Fourth Amendment[s].
>
> (4) [continued] May 12, 2017, Geraldine Cohen held me in Atlantic County Justice Facility against my will and where I'm still being held for contempt of court. While using my corporation, Mark L. Smith, without my consent, to hold my body. Defendant is not properly sending my regular and certified mail out on time or correctly. I sent out certified mail on 11-8-2017 it is now 11-30-2017 and I still have not received my green card with proof of certification. I have proof of receipt of payment and actions made. Defendant is violating my First, Fifth and Fourteenth Amendment [rights].
>
> 5 [continued] The Defendants failed to uphold the constitutional rights that they swore to in their official capacity.

(Compl., ECF No. 1, Statement of Claims.) In a supplement to his complaint, Plaintiff adds the following to his Statement of Claims:

> (1) The actions of all named defendants in the original complaint violated plaintiff's rights under U.S. copyright laws. The defendants misappropriated and/or used without written or oral permission a copyright held exclusively by Plaintiff.

5

(2) The wrongful actions of all defendant[s] violated plaintiff's fundamental right to travel freely.

(3) The wrongful actions of all named defendant[s] violated Plaintiff's constitutional right to practice a religion of his choice.

(4) The wrongful actions of all named defendant[s] denied plaintiff his constitutional right to be known by a name of his choosing.

(5) the defendant[s] failed to uphold the constitutional oaths that they swore to in their official capacity.

(Supp. Compl., ECF No. 3 at 2.) For relief, Plaintiff seeks monetary damages. (Id. at 3.)

B. Analysis

Plaintiff does not allege what religion he practices or how defendants prevented him from practicing his religion. This Court takes judicial notice[1] of similar actions Plaintiff filed in this Court, Civil Action Nos. 16-1549(RMB) and 16-215(PGS/DEA) (D.N.J., Compl., ECF No. 1.) In those actions, Plaintiff identified himself as Aboriginal Indigenous Moorish-American. (Civ. Action No. 215, Compl., ECF No. 1.) See Imoore v. Gasbarro, Civ. Action No. 12-2605(RBK), 2012 WL 1909368 (May 25, 2012) (describing Moorish and

---

[1] Federal Rule of Evidence 201(b)(2) provides: "The Court may judicially notice a fact that is not subject to reasonable dispute because it: (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

Sovereign Citizen beliefs and activities including initiating frivolous legal actions.)

Plaintiff's complaint, including his allegation of violation of the U.S. copyright laws, stems from his belief that his statutory and constitutional rights were violated by stopping him for traffic violations and prosecuting him and detaining him under the name Mark L. Smith rather than his adopted name of Mark El. These claims are frivolous.

Plaintiff also raises a claim against Prosecutor Brett York for failing to give him "the actual indictment package" on the day he was indicted. New Jersey does not require that a defendant be served with an indictment on the day it issues. See N.J. R. Cr. R. 3:13-3(b)(1). Even if discovery of the indictment was not timely made, a prosecutor is immune from civil liability for such error. See Yarris v. County of Delaware, 465 F.3d 129, 137 (3d Cir. 2006) ("prosecutors are entitled to absolute immunity from claims based on their failure to disclose exculpatory evidence, so long as they did so while functioning in their prosecutorial capacity.")

Plaintiff also alleges Warden Geraldine Cohen at Atlantic County Justice Facility interfered with or is responsible for an employee's interference with his mail. Plaintiff alleges only that he sent certified mail out from the jail on November 8, 2017 and he had not received the receipt and proof of delivery by November

7

30, 2017.[2] This is insufficient to state a constitutional violation. See Nixon v. Sec. Pennsylvania Dep't of Corr., 501 F. App'x 176, 178 (3d Cir. 2012) (per curiam) (although inmates have a First Amendment right to use the mail, a single isolated interference with personal mail does not constitute a First Amendment violation.) The Court will dismiss the complaint without prejudice to permit Plaintiff an opportunity to plead any cognizable claims he may have relating to his detention and prosecution.

III. CONCLUSION

For the reasons stated above, the Court grants Plaintiff's IFP application and dismisses the complaint (Am. Compl., ECF Nos. 1, 3) without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

An appropriate order follows.

DATE: August 16, 2018

                        s/Renée Marie Bumb
                        **RENÉE MARIE BUMB**
                        **United States District Judge**

---

[2] Plaintiff also alleges violation of 18 U.S.C. § 1701, which provides: "[w]however knowingly and willfully obstructs or retards the passage of the mail, or any carrier of conveyance carrying the mail, shall be fined under this title or imprisoned not more than six months or both." This is a criminal statute which does not create a private civil cause of action. Brett v. Brett, 503 F. App'x 130, 132 (3d Cir. 2012) (per curiam) (criminal statutes do not give rise to civil liability.)